(20 Misc. Rep. 459.)

## CAIN v. SYRACUSE, B. & N. Y. R. CO.

(Supreme Court, Trial Term, Cortland County. May, 1897.)

MASTER AND SERVANT — WHEN RELATION EXISTS — LIABILITY TO THIRD PERSONS.

The L. Railroad Company used defendant's tracks under a contract which provided that conductors of the L. Company's trains should "be under the control and subject to the orders of" defendant's superintendent. Conductors of the L. Company were sometimes discharged by defendant's superintendent, but this was allowed only by courtesy, and not by the contract. Defendant had nothing to do with employing them. *Held,* that the L. Company's conductors were not servants of defendant, and therefore defendant was not chargeable with their negligence.

Action by Margaret Cain against the Syracuse, Binghamton & New York Railroad Company for personal injuries. There was a verdict in favor of plaintiff, and defendant moved for a new trial. Granted.

Dougherty & Miller, for plaintiff.

Jenny & Jenny, for defendant.

SMITH, J. This action was tried at the Cortland trial term of this court, and resulted in a verdict for the plaintiff. The decision of a motion for a nonsuit made at the close of the evidence was reserved, and the question here arises upon said motion. The Delaware, Lackawanna & Western Railroad Company, under contract with the defendant, were running their cars over the defendant's road between Binghamton and Syracuse. In this contract, which was, in substance, a trackage contract, was the provision: "Conductors of coal trains shall be under the control and subject to the orders of the superintendent of the S., B. & N. Y. Railroad." The plaintiff was injured by the negligence of the engineer of one of these coal trains, in failing to give a proper warning of the approach of the train to a highway crossing. Upon the evidence it appears that, while not permitted by the contract, the superintendent of the defendant's road was allowed to discharge employés of the Delaware, Lackawanna & Western Railroad for any dereliction in duty occurring upon the defendant's road. This, however, appears to have been a matter of courtesy only, and neither by contract nor by custom has the defendant any authority whatever to select and employ the trainmen who shall operate these coal trains. The defense, therefore, is that this engineer whose duty it was to give the warning at highway crossings was not the servant of the defendant, but was the servant of the Delaware, Lackawanna & Western Railroad, by whose fault this injury was caused. Section 78 of the railroad law seems to permit this contract between the defendant road and the Delaware, Lackawanna & Western Railroad Company. The right to control conductors given by the contract evidently means the right to control the times of the running of the trains. Even though the engineer and brakeman were themselves under the control of the conductor, this provision of the contract does not give the defendant company control over them. The per-

mission granted by the Delaware, Lackawanna & Western to the superintendent of the defendant road, to discharge whenever he shall see proper employés upon these coal trains, does not make those employés the servants of the defendant company.    I apprehend that in no case can they be made the servants of a company which has no voice whatever in their selection.    The Palace-Car Cases hold no different rule.    The railroad company upon whose trains their cars were run is made liable for the act of the servant under a contract which is impliedly made when the ticket is purchased by the traveler; and in the Thorpe Case, which is the pioneer case, reported in 76 N. Y. 402, the right to make the railroad company liable for the act of the conductor, upon the ground of respondeat superior, is expressly disclaimed.    Those cases would seem, in their reasoning, to support the defendant's contention here. See the Dwinelle Case, 120 N. Y. 117, 24 N. E. 319.

The conclusion reached, therefore, is that the action cannot be maintained against the defendant, and the motion for a nonsuit must be granted.    The plaintiff may have an exception.